961 So.2d 558 (2007)
STATE of Louisiana, Appellee
v.
Donald R. HILL, Appellant.
No. 42,227-KA.
Court of Appeal of Louisiana, Second Circuit.
June 20, 2007.
Louisiana Appellate Project by Paula Corley Marx, Lafayette, William J. Franklin, for Appellant.
Don M. Burkett, District Attorney, Richard Z. Johnson, Jr., Assistant District Attorney, for Appellee.
Before STEWART, GASKINS and LOLLEY, JJ.
LOLLEY, J.
Defendant, Donald J. Hill, appeals a judgment from the Eleventh Judicial District Court, Parish of DeSoto, State of Louisiana, where Hill pled guilty to one count of distribution of cocaine, a violation of La. R.S. 40:967(A)(1), and was sentenced to 10 years at hard labor, the first two years to be served without benefits. For the following reasons, we affirm Hill's conviction and sentence.

FACTS
On May 14, 2005, Hill sold an undercover detective two $20 rocks of crack cocaine. Hill, who has an extensive criminal history, *559 pled guilty as charged on April 11, 2006. The terms of Hill's plea agreement included a promise by the state not to file a habitual offender bill against him and, further, that Hill's sentence would not exceed 15 years' imprisonment. The trial court accurately explained to Hill at his plea that 2 years of his sentence must be imposed without benefit of parole, probation or suspension of sentence, and subsequently Hill elected to plead guilty.
On August 3, 2006, the trial court sentenced Hill to serve 10 years imprisonment at hard labor, the first 2 years of which would be served without benefit of parole, probation or suspension of sentence. Hill filed a motion to reconsider sentence, urging that his sentence was excessive; the trial court denied that motion. Hill now appeals, again urging that his sentence is excessive.

LAW AND DISCUSSION
Louisiana C. Cr. P. art. 881.2(A)(2) provides:
The defendant cannot appeal or seek review of a sentence imposed in conformity with a plea agreement which was set forth in the record at the time of the plea.
This provision applies both to agreed sentences and to agreed ceilings, "ranges" or "caps." State v. Young, XXXX-XXXX (La.10/15/96), 680 So.2d 1171; State v. Burford, 39,801 (La.App.2d Cir.06/29/05), 907 So.2d 873; State v. Rice, 26,478 (La. App.2d Cir.12/07/94), 648 So.2d 426, writ denied, XXXX-XXXX (La.06/16/95), 655 So.2d 340.
Since the record shows the state, Hill, and the trial court all agreed to the ceiling on Hill's sentence, and the subsequent sentence was imposed within the limits of that agreement, Hill may not appeal his sentence. See State v. Jonas, 29,750 (La. App.2d Cir.08/20/97), 698 So.2d 744.
Accordingly, Hill's conviction and sentence are affirmed.
AFFIRMED.