990 So.2d 123 (2008)
STATE of Louisiana, Appellee
v.
Paul Richard PABEN, Appellant.
No. 43,415-KA.
Court of Appeal of Louisiana, Second Circuit.
August 13, 2008.
*124 Joseph M. Clark, Sr., Metairie, for Appellant.
John Schuyler Marvin, District Attorney, Dale Newton Montgomery, II, John Michael Lawrence, Assistant District Attorneys, for Appellee.
Before PEATROSS, MOORE and LOLLEY, JJ.
MOORE, J.
Paul Richard Paben pled guilty to one count of pornography involving juveniles, La. R.S. 14:81.1, subject to a sentence cap of five years at hard labor. The district court subsequently sentenced him to five years at hard labor. Paben now appeals his conviction and sentence; we affirm.
In May 2007, an agent of the Northwest Louisiana Internet Crimes Against Children Task Force posed as a 14-year-old *125 girl in a Yahoo.com chatroom. The 28-year-old Paben struck up a conversation with her, asking for her address and sending her sexually explicit messages and photos. While the agent had Paben online, Bossier City marshals went to his apartment and arrested him. Paben consented to a search of his laptop computer, on which investigators found an image of a juvenile engaged in a sexual act.
According to the presentence investigation report ("PSI"), Paben was charged with two counts of indecent behavior with juveniles and one count of pornography involving juveniles. At a Boykin hearing in September 2007, Paben agreed to plead guilty to the latter charge, subject to a cap of five years at hard labor. In exchange, the state nol-prossed the indecent behavior charges. After reviewing the PSI, the district court sentenced him to five years at hard labor.
Paben now appeals, raising three assignments of error. By his first assignment, he urges that the sentence is excessive.
The defendant cannot appeal or seek review of a sentence imposed in conformity with a plea agreement which was set forth in the record at the time of the plea. La. C. Cr. P. art. 881.2 A(2). This prohibition applies both to agreed sentences and to agreed ceilings, ranges or caps. State v. Young, 96-0195 (La.10/15/96), 680 So.2d 1171; State v. Hill, 42,227 (La.App. 2 Cir. 6/20/07), 961 So.2d 558. The instant record shows that the parties stated the plea agreement on the record, the district court accepted it, and sentence was imposed within the agreed cap. Hence, there is nothing for Paben to appeal. State v. Hill, supra. This assignment lacks merit.
By his second assignment, Paben urges his trial counsel was ineffective. In brief, he claims that counsel failed to file substantive motions, other than discovery; failed to challenge the state's inadequate responses to discovery; failed to consult with him for any substantial period of time to discuss the case; and pressured him into accepting the plea offer. The state responds that at the Boykin hearing, Paben stated he was satisfied with his counsel's performance, and that the record does not support the allegations of ineffective assistance.
A claim of ineffective assistance is analyzed under the criteria announced in Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). The defendant must first show that counsel's performance was deficient: committing errors so serious that he or she was not functioning as the "counsel" guaranteed by the sixth amendment, and evaluated from counsel's perspective at the time of the occurrence. Second, the defendant must show that counsel's deficient performance prejudiced his defense, committing errors so serious as to deprive the defendant of a fair trial, a trial whose result is reliable. Strickland v. Washington, supra; State v. King, XXXX-XXXX (La. 10/16/07), 969 So.2d 1228.
As a general rule, a claim of ineffective assistance is more properly raised by application for post conviction relief ("PCR") in the trial court than by appeal. This is because PCR creates the opportunity for a full evidentiary hearing under La. C. Cr. P. art. 930. State ex rel. Bailey v. City of West Monroe, 418 So.2d 570 (La.1982); State v. Ellis, 42,520 (La.App. 2 Cir. 9/26/07), 966 So.2d 139. Such is the case here.
Two of Paben's claims  that counsel met with him too little to discuss the case and then pressured him into accepting the state's plea offer  are simply not apparent on this record. His other two *126 claims  that counsel filed no motion to suppress or objection to the state's responses to discovery  are factual but do not prove ineffective assistance; such inaction may have been warranted, given the strength of the state's case. Moreover, Paben stated on the record that he was satisfied with counsel's performance, a reasonable assessment given the dismissal of two counts of indecent behavior with juveniles and the promise of a sentence cap of one-half the maximum allowed by R.S. 14:81.1 E(1). The record is simply inadequate to resolve a claim of ineffective assistance. This assignment lacks merit.
By his third assignment, Paben urges any errors patent on the face of the record, a review we perform automatically under La. C. Cr. P. art. 920(2). On thorough review, we find nothing we deem to be error patent.
For the reasons expressed, Paul Richard Paben's conviction and sentence are affirmed.
AFFIRMED.