20 So.3d 1121 (2009)
STATE of Louisiana, Appellee
v.
Tarome Antonio HARRIS, Appellant.
No. 44,402-KA.
Court of Appeal of Louisiana, Second Circuit.
June 24, 2009.
Rehearing Granted August 13, 2009.
Opinion on Rehearing September 23, 2009.
*1124 Louisiana Appellate Project, by Mark O. Foster, for Appellant.
Tarome Harris, Pro Se.
J. Schuyler Marvin, District Attorney, John M. Lawrence, C. Sherburne Sentell, III, Marcus Ray Patillo, Assistant District Attorneys, for Appellee.
Before BROWN, WILLIAMS & PEATROSS, JJ.
PEATROSS, J.
Defendant, Tarome Antonio Harris, was charged by bill of information with aggravated escape, in violation of La. R.S. 14:110(C)(1), and two counts of aggravated battery, in violation of La. R.S. 14:34. After a jury trial, Defendant was found guilty as charged of aggravated escape; and, with regard to the charges of aggravated battery, Defendant was found guilty of two counts of second degree battery. The trial judge sentenced Defendant to a term of 10 years' imprisonment for the aggravated escape conviction and 5 years' imprisonment for each of the second degree battery convictions. The judge ordered that the 5-year sentences for the second degree battery convictions were to run concurrently with each other, but consecutively with the 10-year sentence for the aggravated escape conviction. This court affirmed Defendant's convictions and sentences. State v. Harris, 42,376 (La. App. 2d Cir.9/26/07), 966 So.2d 773, writ denied, 07-2109 (La.3/28/08), 978 So.2d 304.
After a habitual offender hearing, the trial judge adjudicated Defendant a fourth and subsequent felony offender. The trial judge vacated Defendant's previous sentences and resentenced Defendant to serve a term of life imprisonment for each second degree battery conviction and a term of 50 years' imprisonment for the aggravated escape conviction, specifying that the two life sentences were to run concurrently with each other, but consecutively to the 50-year sentence for the aggravated escape conviction. Defendant now appeals. For the following reasons, the adjudication of Defendant as a fourth and subsequent felony offender and the corresponding enhanced sentences are vacated and the case is remanded for further proceedings.

FACTS
On October 15, 2005, Defendant and three other inmates escaped from the Webster Parish Jail. According to the testimony presented at trial, Deputies Shelton Layfield and James Thompson were in the process of "locking down" the inmates for the night. As the deputies ordered a group of inmates to go to their cells, inmate Christopher Whitehead started a scuffle. Defendant joined Whitehead in the scuffle and attempted to push past Deputy Layfield and escape. Defendant then reached for Deputy Layfield's metal baton, but missed, grabbing the flashlight instead. Defendant threw the flashlight to the floor and grabbed Deputy Layfield's pepper spray, which he sprayed in the faces of both Deputy Layfield and Deputy Thompson.
As Deputy Layfield lay on the floor incapacitated from the spray, Defendant continued to struggle with Deputy Thompson. Defendant kicked Deputy Thompson multiple times and eventually escaped from his grasp. As Defendant made it past Deputy Thompson, the inmates broke the key mechanism in a sliding door and escaped down the back stairs of the jail. Deputy Thompson called "911" and the two deputies were taken to Minden Medical Center for treatment of bruises, contusions and exposure to the pepper spray.
As previously mentioned, Defendant was charged by bill of information with aggravated *1125 escape, in violation of La. R.S. 14:110(C)(1), and two counts of aggravated battery, in violation of La. R.S. 14:34. A jury trial was held and Defendant was found guilty as charged of aggravated escape and guilty of two counts of second degree battery. Defendant was sentenced to a term of 10 years' imprisonment for the aggravated escape conviction and 5 years' imprisonment for each of the second degree battery convictions and this court affirmed Defendant's convictions and sentences on appeal.
On January 4, 2007, the State filed a bill of information seeking to enhance Defendant's sentences pursuant to Louisiana's Habitual Offender Law. See La. R.S. 15:529.1. The bill alleged that: (1) Defendant had entered a plea of guilty to the charge of possession of cocaine on June 28, 1999, under docket number 60,365; (2) Defendant had entered a plea of guilty to the charge of distribution of cocaine on October 25, 1993, under docket number 56,934; and (3) Defendant had entered a plea of guilty to the charge of attempted distribution of cocaine on April 22, 1991, under docket number 54,806.[1]
On August 13, 2007, Defendant filed a pro se Motion to Quash the habitual offender bill of information wherein he alleged that the bill was defective. Defendant contended that his previous guilty pleas were invalid because the trial judge had failed to inform him of the nature of the charges against him and the correlating sentencing exposure. On October 30, 2007, the trial judge denied the motion noting that the provisions of La. C. Cr. P. art. 531, et seq., articulated the exclusive conditions for filing a Motion to Quash and that Defendant had failed to state any grounds upon which relief could be granted.
On November 2, 2007, Ms. Kenota Pulliam filed a Motion to Enroll as Counsel of Record for Defendant and a Motion to Continue the November 5, 2007 habitual offender hearing. Ms. Pulliam represented that she had been retained by Defendant on October 31, 2007, and needed additional time to obtain discovery prior to the hearing. On November 5, 2007, the trial court denied Ms. Pulliam's Motion to Enroll and Motion to Continue Defendant's hearing. The habitual offender hearing was held and Defendant was represented by his appointed trial counsel instead of Ms. Pulliam. After the bench trial, the judge ruled that the State had proven beyond a reasonable doubt that Defendant was a multiple offender.
On January 14, 2008, after taking the matter of sentence enhancement under advisement, the trial judge sentenced Defendant to a term of life imprisonment. Defendant then filed a Motion for Reconsideration requesting that the trial judge clarify his ruling. On May 28, 2008, in response to Defendant's Motion for Reconsideration, the trial judge entered a written order stating his reasons for adjudicating Defendant as a multiple offender. The trial judge noted that Defendant had two previous convictions for violations of the Uniform Controlled Dangerous Substances Act and that Defendant's present convictions involved crimes of violence as defined by La. R.S. 14:2(B)(6).
The trial judge then vacated Defendant's previous life sentence and, pursuant to La. R.S. 15:529.1(A)(1)(c), resentenced Defendant to serve a term of life imprisonment for each second degree battery conviction and a term of 50 years' imprisonment *1126 for the aggravated escape conviction. The trial judge further ordered that the two life sentences were to run concurrently with each other, but consecutively to the 50-year sentence for the aggravated escape conviction. This appeal ensued.

DISCUSSION
Assignment of Error Number One (verbatim): The trial court erred, as a matter of law, in denying Mr. Harris' motion to quash the habitual offender bill of information.
Defendant argues that, pursuant to La. R.S. 15:529.1(D)(1)(b), his Motion to Quash was the proper method by which to object to the habitual offender bill of information. Defendant asserts that the State's ex parte dismissal of the motion was improper because it precluded Defendant from asserting his defenses at the habitual offender hearing. Additionally, Defendant urges that the trial judge "compounded an error of law with an error of fact" by stating at the habitual offender hearing that no Motion to Quash had been filed.
The State counters that Defendant's pro se Motion to Quash was not sufficient to warrant consideration and that the trial judge was not obliged to hear the motion. According to the State, Defendant failed to establish an infringement of his rights with regard to the prior guilty pleas and, therefore, did not meet his burden of proof.
A defendant has the right to challenge the constitutional sufficiency of previous convictions through a written response to the state's filing of a habitual offender bill of information. See La. R.S. 15:529(D)(1). Indeed, a defendant must make such a response in order to preserve challenges to previous convictions for appellate review. Id. In addition, if a defendant does not concede the validity of previous convictions, he is entitled to a formal hearing. La. R.S. 15:529.1(D)(1)(b); State v. Hulbert, 01-2174 (La.App. 4th Cir.10/30/02), 832 So.2d 337. A defendant's responses to the state's filing of a habitual offender bill of information are often styled as a "motion to quash." See State v. Zachary, 08-634 (La.11/21/08), 995 So.2d 631.
Defendant's Motion to Quash was substantively proper pursuant to La. R.S. 15:529.1(D)(1) and the record reflects that the trial court improperly applied La. C. Cr. P. art. 531, et seq., in denying the motion. The record also reflects, however, that on March 26, 2007, Defendant appeared and entered a plea of not guilty. Pursuant to La. R.S. 15:529.1(D)(1)(a), Defendant was required to file his response within 15 days after March 26, 2007. Defendant did not file his pro se Motion to Quash until August 13, 2007. Defendant's Motion to Quash was, therefore, untimely and the trial judge was not required to consider the motion. This assignment of error has no merit.
Assignment of Error Number Two (verbatim): The trial court was in error to arbitrarily deny Mr. Harris' motion to withdraw appointed counsel and enroll retained counsel.
Defendant further argues that the trial judge abused his discretion in refusing to permit Ms. Pulliam to enroll as counsel of record and represent Defendant at the habitual offender proceeding. In support of this assertion, Defendant points out that the November 5, 2007 date was the first setting for the habitual offender hearing and that neither party had attempted to delay the setting prior to November 2, 2007. Defendant also notes in his argument that Ms. Pulliam promptly contacted the District Attorney to inform him that she had been retained by Defendant and that the State had informed the court that *1127 it had no objections to continuing the hearing.
The State contends that the trial judge did not abuse his discretion in refusing to grant the continuance, pointing out that Defendant was represented at the hearing by his appointed trial counsel. The State further asserts that Defendant had ample time to retain counsel of his choice, but failed to do so until shortly before the hearing. Additionally, the State argues that Defendant has shown no prejudice resulting from the trial court's refusal to grant the continuance.
U.S. Constitutional Amendment VI and Louisiana Constitution article I, § 13, guarantee the accused in a criminal proceeding the right to assistance of counsel for his defense. Gideon v. Wainwright, 372 U.S. 335, 83 S.Ct. 792, 9 L.Ed.2d 799 (1963); State v. Carpenter, 390 So.2d 1296 (La.1980); State v. Shumaker, 40,275 (La. App. 2d Cir.10/28/05), 914 So.2d 1156; State v. Flanagan, 32,535 (La.App. 2d Cir.10/29/99), 744 So.2d 718. While a defendant has a right to counsel of his choice, this right cannot be manipulated to obstruct the orderly procedure of the court and it must be exercised at a reasonable time, in a reasonable manner and at an appropriate stage of the proceedings. State v. Seiss, 428 So.2d 444 (La.1983); State v. Shumaker, supra; State v. Woodman, 28,004 (La.App. 2d Cir.1/24/96), 666 So.2d 1255. The decision to grant a motion for continuance shall be left to the sole discretion of the trial judge and his ruling will not be disturbed on appeal absent a showing of abuse and specific prejudice. La. C. Cr. P. art. 707; State v. Martin, 93-0285 (La.10/17/94), 645 So.2d 190; State v. Dooley, 38,763 (La.App. 2d Cir.9/22/04), 882 So.2d 731, writ denied, 04-2645 (La.2/18/05), 896 So.2d 30; State v. Gipson, 28,113 (La.App. 2d Cir.6/26/96), 677 So.2d 544, writ denied, 96-2303 (La.1/31/97), 687 So.2d 402.
In the case sub judice, the record reflects that counsel from the Indigent Defender Board (IDB) was appointed on March 26, 2007, to represent Defendant in the habitual offender proceedings. The appointed IDB attorney had represented Defendant throughout the trial of the charges giving rise to the habitual offender proceedings. Defendant had more than seven months to retain counsel of his choice, but chose not to do so until a few days prior to trial. Accordingly, Defendant did not exercise his right to counsel of choice within a reasonable amount of time. Additionally, Defendant has demonstrated no prejudice which resulted from the trial court's refusal to grant the continuance. We find, therefore, that the trial judge did not abuse his discretion in refusing to grant the Motions to Enroll and to Continue filed by Ms. Pulliam. This assignment of error is without merit.
Pro se Assignment of Error Number One (verbatim): The trial judge committed numerous manifest errors during the habitual offender proceedings mandating reversal.
In his pro se assignment of error, Defendant asserts the following: (1) The trial court did not advise Defendant of his rights at the multiple offender hearing on November 5, 2007; (2) The trial court failed to properly adjudicate Defendant a third or fourth felony offender because the State chose to disregard one of Defendant's convictions contained in the bill of information; and (3) The State "failed to prove authenticity of predicate offenses and used irregular and inconsistent proceedings."
At arraignment, the clerk reads the indictment to the defendant in open court and the court calls upon the defendant to *1128 plead. See La. C. Cr. P. art. 551. The defendant may waive the reading of the indictment. Id. La. R.S. 15:529.1(D)(1)(a) also states the requirement that the defendant be brought before the court, informed of the allegations against him and required to admit or deny the allegations. See La. R.S. 15:529.1. The requirements set forth in La. R.S. 15:529.1 are consistent with those contained in definition of an arraignment under Article 551. La. R.S. 15:529.1; La. C. Cr. P. art. 551; State v. Gonsoulin, 03-2473 (La.App. 1st Cir.6/25/04), 886 So.2d 499, writ denied, 04-1917 (La.12/10/04), 888 So.2d 835. There is no requirement in La. R.S. 15:529.1 that the court must read the defendant his rights at each and every stage of the proceedings. Id.
The record reflects that Defendant waived arraignment and entered a plea of not guilty at the hearing on March 26, 2007. Thus, Defendant's argument that the trial judge erred in failing to advise him of his rights at the November 5, 2007 hearing has no merit.
The habitual offender bill of information filed by the State listed three predicate felonies. After hearing the evidence at the habitual offender hearing, the trial judge ruled that the State met its burden of proof beyond a reasonable doubt that Defendant had been convicted of the three predicate felony offenses listed on the bill of information. The three predicate felonies listed on the bill included: (1) Conviction # 1: Attempted Distribution of Cocaine (Docket #54,806); (2) Conviction #2: Distribution of Cocaine (Docket # 56,934); and (3) Conviction # 3: Possession of Cocaine (Docket # 60,365). Defendant's first and second predicate felony offenses involved violations of the Uniform Dangerous Substances Law punishable by imprisonment for ten years or more.
The trial judge then set forth Defendant's current felony convictions as listed in Docket #73,934, which included: (1) Conviction #4: Second Degree Battery; (2) Conviction #5: Second Degree Battery; and (3) Conviction # 6: Aggravated Escape. Defendant's fourth and fifth felony convictions involved two counts of violence as defined by La. R.S. 14:2(B)(6). The trial judge then proceeded to sentence Defendant pursuant to the provisions of Louisiana's Habitual Offender Law by vacating Defendant's prior sentences and imposing enhanced sentences for Defendant's fourth and subsequent felony offenses. See La. R.S. 15:529.1. Defendant was ordered to serve a term of life imprisonment for each second degree battery conviction and a term of 50 years' imprisonment for the aggravated escape conviction, with the two life sentences to run concurrently with each other, but consecutively to the 50-year sentence for the aggravated escape conviction.
We find no manifest error in the trial judge's ruling wherein he sentenced Defendant in accordance with La. R.S. 15:529.1. Defendant's argument that the trial judge failed to properly adjudicate him a third or fourth felony offender is, therefore, without merit.
Finally, Defendant asserts in his pro se assignment of error that various procedural defects in the habitual offender proceedings constitute grounds for vacating his adjudication as a habitual offender. Specifically, Defendant claims that the records admitted during the hearing were not properly authenticated. An irregularity or error cannot be availed of after verdict unless it was objected to at the time of occurrence. See La. C. Cr. P. art. 841; State v. Smith, 39,698 (La.App. 2d Cir.6/29/05), 907 So.2d 192; State v. Bosley, 29,253 (La.App. 2d Cir.4/2/97), 691 So.2d 347, writ denied, 97-1203 *1129 (La.10/17/97), 701 So.2d 1333. The record does not reflect that Defendant objected to the procedural irregularities which he now raises. Accordingly, Defendant's argument with respect to these procedural irregularities may not be considered on appeal. To the extent that Defendant did raise objections by written motion to quash, as previously discussed, the motion was procedurally improper and will not be considered by this court. Defendant's argument, therefore, that procedural defects in his habitual offender hearing require vacation of his adjudication as a habitual offender is without merit.
While an irregularity or error cannot be availed of after verdict unless it was objected to at the time of occurrence, La. C. Cr. P. art. 920(2) contains an exception to the contemporaneous objection rule. See La. C. Cr. P. art. 920(2); La. C. Cr. P. art. 841; State v. Smith, supra; State v. Bosley, supra. This exception provides that an error patent, i.e., "[a]n error that is discoverable by a mere inspection of the pleadings and proceedings and without inspection of the evidence," shall be considered on appeal. La. C. Cr. P. art. 920(2); State v. Paben, 43,415 (La.App. 2d Cir.8/13/08), 990 So.2d 123.
La. R.S. 15:529.1(C) provides that the habitual offender statute is inapplicable in cases where more than ten years have elapsed since the expiration of a defendant's maximum sentence for a prior conviction and the commission of the defendant's last felony. See La. R.S. 15:529.1(C). This is known as the "cleansing period" and it begins to run from the date that a defendant is actually discharged from state custody and supervision. State v. Anderson, 349 So.2d 311 (La.1977); State v. Boykin, 29,141 (La. App. 2d Cir.1/31/97), 688 So.2d 1250.
The state has the burden of proving the date of a defendant's discharge from state supervision. State v. Boykin, supra. Where a defendant has been adjudicated a habitual offender, the state's failure to prove the defendant's date of discharge and, thus, prove that the "cleansing period" has not expired is an error patent on the face of the record. State v. Bullock, 311 So.2d 242 (La.1975); State v. Boykin, supra.
There is no evidence in the record indicating Defendant's release date from State supervision for his conviction of Attempted Distribution of Cocaine (Docket # 54,806) in 1991 or his conviction of Distribution of Cocaine (Docket # 56,934) in 1993. At the habitual offender hearing, the State failed to provide any documentation of Defendant's discharge. Thus, the adjudication of Defendant as a fourth and subsequent felony offender and the corresponding enhanced sentences are vacated and the case is remanded for further proceedings.

CONCLUSION
For the foregoing reasons, the adjudication of Defendant, Tarome Antonio Harris, as a fourth and subsequent felony offender and his corresponding enhanced sentences are vacated. The case is remanded for further proceedings.
VACATED AND REMANDED.
BROWN, Chief Judge, dissents with written reasons.
BROWN, Chief Judge, dissenting.
I respectfully must dissent from the majority's opinion vacating the sentence. The record clearly demonstrates that the cleansing period of ten years had not run at the time of the commission of the present crimes, October 15, 2005.
As to the two predicate charges at issue: Defendant was out on bond on the first *1130 charge (docket # 54,806) which was filed in 1991. According to the minutes, defendant had pled guilty to a reduced charge of attempted distribution in April 1991 and a bench warrant was issued in November 1991. Defendant was arrested on the bench warrant in August 1993.
The second charge (docket # 56,934) was filed on October 25, 1993, and defendant pled guilty that day. On the same day (October 25th), defendant was sentenced in # 54,806 and # 56,934 to concurrent six years at hard labor terms.
Renee Armond, a state probation and parole officer for the Minden district, testified that she supervised defendant's parole in docket # 54,806 and docket # 56,934 from the end of 1996 through 1998. As stated, in each of those docket numbers, defendant had received six-year concurrent sentences which were imposed in October of 1993 (his arrest was in August of 1993). The present crime was committed in October of 2005. This record shows that defendant was under parole supervision at least through 1998. The cleansing period starts on the date of discharge and runs until the date of commission of the present crimes. That is less than ten years.

APPLICATION FOR REHEARING
Before BROWN, WILLIAMS, GASKINS, PEATROSS, and MOORE, JJ.
Rehearing granted.
WILLIAMS and PEATROSS, JJ., would grant rehearing.

ON REHEARING
BROWN, Chief Judge, On Rehearing.
Rehearing was granted to reconsider the error patent portion of the opinion. Initially, this court determined that defendant's release dates from supervision for two of the predicate convictions were not shown. Thus, his adjudication as a fourth felony offender was vacated. The state applied for a rehearing. After further review, we now affirm defendant's adjudication as a fourth and subsequent felony offender and corresponding enhanced sentences.
As to the two predicate charges at issue, the record clearly demonstrates that the ten-year time period between discharge and the instant offense had not run at the time of the commission of the present crimes, October 15, 2005. At the time of the first charge of distribution of cocaine (docket # 54,806), which was filed in 1991, defendant was out on bond. According to the minutes, defendant had pled guilty to a reduced charge of attempted distribution in April 1991 and a bench warrant was issued in November 1991. Defendant was arrested on the bench warrant in August 1993.
The second charge of distribution of cocaine (docket # 56,934) was filed on October 25, 1993, and defendant pled guilty that day. On the same day (October 25, 1993), defendant was sentenced in # 54,806 and # 56,934 to concurrent six years at hard labor terms.
Renee Armond, a state probation and parole officer for the Minden district, testified that she supervised defendant's parole in docket #54,806 and docket #56,934 from the end of 1996 through 1998. As stated, in each of those docket numbers, defendant had received six-year concurrent sentences which were imposed in October of 1993 (his arrest was in August of 1993). The present crimes were committed in October of 2005. This record shows that defendant was under parole supervision at least through 1998. The ten-year time period starts on the date of discharge and runs until the date of commission *1131 of the present crimes. That was less than ten years.[1]

Conclusion
The adjudication as a fourth and subsequent felony offender of defendant, Tarome Antonio Harris, and his corresponding enhanced sentences, are affirmed.
AFFIRMED.
PEATROSS, J., dissents for the reasons set forth in the original opinion.
WILLIAMS, J., dissents for the reasons set forth in the original opinion.
PEATROSS, J., dissenting.
I respectfully dissent for the reasons set forth in my original opinion.
NOTES
[1] All of these convictions took place in the 26th Judicial District Court of Webster Parish, Louisiana.
[1] The characterization of the ten-year time period as a "cleansing period" is misplaced and improper. See State v. Everett, 00-2998 (La.05/14/02), 816 So.2d 1272.