MOORE, J.
 

 liThe defendant, Eddie Wallace was convicted of simple burglary, adjudicated a fourth felony offender and sentenced to 25 years at hard labor with credit for time served. The defendant now appeals. We affirm.
 

 FACTS
 

 Eddie Wallace was charged by bill of information with simple burglary (La. R.S. 14:62) on February 25, 2008 for an unauthorized entry of a home located at 639 Herndon in Shreveport with the intent to commit a felony or theft therein. He entered a plea of not guilty and rejected a plea offer by the state for a 12-year sentence and no multiple offender bill.
 

 Additionally, on February 25, 2008, there was a “free and voluntary” hearing in regards to statements made by the defendant to Officer Joshua Mayfield, the responding officer. The court found that any and all statements made by the defendant to Officer Mayfield were freely and voluntarily made and were made pursuant to the defendant having been given his
 
 Miranda
 
 rights.
 

 At trial, Officer Mayfield testified that he responded to a burglary in progress at 639 Herndon on January 16, 2008. The complaint was made by Warren Charles who testified that he was working across the street from 639 Herndon, and he observed a black male go through the screen window of the vacant house, and come out
 
 *178
 
 with a television. On his way to the scene, Officer Mayfield observed the defendant further down the street on Herndon carrying a television.
 

 Officer Mayfield testified that the defendant, after being
 
 Mirandized,
 
 stated that he found the television in the trash beside the road. After | aWaIlace was told by the officers of the witness’ statement and the presence of shoe-prints on the porch floor, the defendant confessed that he did take the television from the residence. Although the conversation was recorded, it was not preserved by Officer Mayfield. Ms. Elizabeth Shackelford, the homeowner, testified that the defendant did not have her permission to enter her home, nor did he have permission to take her television.
 

 On August 19, 2008, a unanimous jury found the defendant guilty of simple burglary, and on August 25, 2008 he was sentenced to 12 years at hard labor with ci'edit for time served. On the same date of sentencing, the state filed a bill of information alleging sixth offender status. The defendant waived arraignment and pled not guilty.
 

 On November 19, 2008, the bill was amended to allege fourth offender status and a hearing was held upon which the defendant was adjudicated a fourth felony offender. The original bill was amended from a sixth felony habitual offender to a fourth felony habitual offender because the state was unable to obtain the fingerprints from two prior felony convictions.
 

 At the hearing, Corporal Tommy Rachal qualified as an expert in the area of fingerprint identification and analysis. Corporal Rachal testified that the fingerprints he took from the individual in open court on the date of the hearing were identical to those contained in the certified documents pertaining to the defendant’s prior offenses. The certified documents included a bill of information for, and fingerprints of the defendant for, the offenses of (1) forgery, (2) theft of a vehicle and theft of property, (3) ^unauthorized use of a motor vehicle, and (4) simple burglary. On November 24, 2008, the original 12-year sentence was vacated and the defendant was sentenced to 25 years at hard labor without benefit of probation or suspension of sentence.
 

 This appeal followed.
 

 DISCUSSION
 

 By his first assignment of error, the defendant alleges that the state failed to prove the identification of the accused and further failed to prove he was the person convicted of the predicate offenses. He asserts that Eddie D. Wallace was never identified at the hearing in which he was found to be a fourth felony offender.
 

 The state contends that although Cpl. Rachal was not specifically asked to point out the person whose fingerprints he had taken, there can be no reasonable doubt that it was the appellant. The state argues that the sentencing court was able to discern whatever physical manifestations Cpl. Rachal made to indicate “the individual” at the time of his testimony. Moreover, the state also argues that there was no contemporaneous objection that the defendant’s identity was not sufficiently proven as the same person who had pled guilty to the three predicate convictions.
 

 La. R.S. 15:529.1(D)(l)(b) provides that “the district attorney shall have the burden of proof beyond a reasonable doubt of any issue of fact,” and “any challenge to a previous conviction or adjudication of delinquency which is not made before sentence is imposed may not thereafter be raised to attack the sentence.”
 

 14When a defendant denies a pri- or felony conviction, the state must estab
 
 *179
 
 lish the existence of the prior felony conviction and prove that the defendant is the person convicted in that earlier offense.
 
 State v. Gray,
 
 948 So.2d 335, 342 (La.App. 2 Cir. 1/10/07). Proving that a defendant is the same person convicted in the earlier offense may be accomplished through different means, including the testimony of witnesses, expert testimony as to the fingerprints of the accused when compared to those in the prison record introduced or by photographs contained in the duly authenticated record.
 
 Id.; State v. Mays,
 
 05-2555 (La.5/26/06), 929 So.2d 1231, citing
 
 State v. Brown,
 
 514 So.2d 99 (La.1987),
 
 cert. denied,
 
 486 U.S. 1017, 108 S.Ct. 1754, 100 L.Ed.2d 216 (1988).
 

 In this case, after the defendant was sentenced, the state filed a multiple offender bill against Wallace alleging that his first felony conviction was for forgery, to which he pled guilty on December 18, 1991, in the First Judicial District Court of Caddo Parish; defendant’s second felony conviction was for felony theft, to which he pled guilty on November 10, 1998, in the Twenty-Sixth Judicial District Court of Bossier Parish; and defendant’s third felony conviction was for unauthorized use of a motor vehicle, to which he pled guilty on March 19, 2001, in the First Judicial District Court of Caddo Parish. After the third felony conviction, the defendant committed and was convicted of the fourth felony offense, namely, the instant simple burglary, on August 19, 2008, in the First Judicial District Court of Caddo Parish.
 

 |sThe state introduced copies of records from the First and Twenty-Sixth Judicial District Courts, including certified copies of the bills of information charging the defendant with the respective crimes (enumerated above in the preceding paragraph), and a certified copy of the minutes of court showing defendant’s guilty plea to each charge.
 

 Corporal Tommy Rachal, the state’s expert in the area of fingerprint identification and analysis, identified bills of information charging the defendant with forgery in December of 1991, theft of a vehicle in November of 1998, unauthorized use of a motor vehicle in March of 2001, and the most recent conviction for simple burglary in August of 2008. Each bill included a certified document containing inked fingerprint impressions. Corporal Rachal identified the fingerprints from the certified documents as belonging to the same person. Corporal Rachal then fingerprinted the “individual” in open court (obviously referring to the defendant as the hearing was the defendant’s multiple offender hearing) and testified that they were the same prints as those appearing on the certified fingerprint documents.
 

 The use of Cpl. Rachal’s expert testimony as to the fingerprints of the defendant when compared to photographs contained in the duly authenticated record is clearly within the confines of Louisiana’s habitual offender law. Corporal Rachal testified that he took the fingerprints of the “individual” in open court and that those fingerprints matched those documented for the prior convictions. Those fingerprints (contained in the bills of information) which Cpl. Rachal stated were all from the same | (¡individual were identified on the respective bills as belonging to the defendant. Moreover, this hearing was to adjudicate Wallace as a habitual offender so it is clear that Wallace is the individual whose fingerprints were taken in open court. If not, the defendant or his attorney should have objected, which they did not do.
 

 We therefore conclude that this assignment is without merit.
 

 By his second assignment of error, the defendant alleges that the state failed
 
 *180
 
 to prove the dates of the defendant’s discharge from state supervision in connection with the predicate offenses alleged. The defendant contends that the state’s failure to provide any documentation of defendant’s discharge at the habitual offender hearing requires that his adjudication as a fourth felony offender and the corresponding sentence be vacated.
 

 The state contends that the date of discharge is not required for a multiple offender adjudication. It asserts that it is only necessary that the evidence reflect that 10 years had not elapsed since the defendant’s release from custody and the commission of a subsequent offense.
 

 The state’s burden of proof in habitual offender proceedings under La. R.S. 15:529.1 is stated in
 
 State v. Shelton,
 
 621 So.2d 769 (La.1993):
 

 If the defendant denies the allegations of the bill of information, the burden is on the State to prove the existence of the prior guilty pleas and that defendant was represented by counsel when they were taken. If the State meets this burden, the defendant has the burden to produce some affirmative evidence showing an infringement of his rights or a procedural irregularity in the taking of the plea. If the defendant is able to do this, then the burden of proving the constitutionality of the plea shifts to the State. The State will meet its burden of proof if it introduces a “perfect” transcript of the taking of the guilty plea, one which reflects a colloquy between judge and defendant wherein the defendant was informed of and 17specifically waived his right to trial by jury, his privilege against self incrimination, and his right to confront his accusers. If the State introduces anything less than a “perfect” transcript, for example, a guilty plea form, a minute entry, an “imperfect” transcript, or any combination thereof, the judge then must weigh the evidence submitted by the defendant and by the State to determine whether the State has met its burden of proving that defendant’s prior guilty plea was informed and voluntary, and made with an articulated waiver of the three Boy-kin rights. [Footnote omitted.]
 

 La. R.S. 15:529.1(C) provides:
 

 The current offense shall not be counted as, respectively, a second, third, fourth, or higher offense if more than ten years have elapsed between the date of the commission of the current offense or offenses and the expiration of the maximum sentence or sentences of the previous conviction or convictions, or adjudication or adjudications of delinquency, or between the expiration of the maximum sentence or sentences of each preceding conviction or convictions or adjudication or adjudications of delinquency alleged in the multiple offender bill and the date of the commission of the following offense or offenses. In computing the intervals of time as provided herein, any period of servitude by a person in a penal institution, within or without the state, shall not be included in the computation of any of said ten-year periods between the expiration of the maximum sentence or sentences and the next succeeding offense or offenses. (Emphasis added.)
 

 This ten-year period begins to run from the date that a defendant is actually discharged from state custody and supervision.
 
 State v. Anderson,
 
 349 So.2d 311 (La.1977);
 
 State v. Davis,
 
 41,245 (La.App. 2 Cir. 8/9/06), 937 So.2d 5. In an habitual offender proceeding, the state bears the burden of proving that the period of time between adjacent offenses has not expired.
 
 State v. Ignot,
 
 29,745 (La.App. 2 Cir. 8/24/97), 701 So.2d 1001,
 
 writ
 
 
 *181
 

 denied,
 
 99-0336 (La.6/18/99), 745 So.2d 618.
 

 Although the state has the burden of proving that the 10-year period has not expired, the state need not prove the discharge date when less than | s10 years have elapsed between the last conviction and the subsequent conviction.
 
 State v. Smith,
 
 (La.App. 4 Cir. 7/20/05), 913 So.2d 836;
 
 State v. Collins,
 
 2001-1459 (La.App. 4 Cir. 8/21/02), 826 So.2d 598. We endorsed this rationale in
 
 State v. Capers,
 
 43,743 (La.App. 2 Cir. 12/3/08), 998 So.2d 885 at 889,
 
 writ denied,
 
 2009-0148 (La.10/2/09), 18 So.3d 102 (“[E]ven if the record were devoid of any evidence of defendant’s discharge from state custody and supervision, the ten-year period necessary to exclude its use for purpose of sentencing ... had not elapsed at the time of the commission of the following offense.”)
 
 See also, State v. Harris,
 
 44,402 (La.App. 2 Cir. 6/24/09), 20 So.3d 1121
 
 (on
 
 rehearing). (“Although the release-dates from supervision for two of the predicate convictions were not shown ... the record clearly demonstrates that the ten-year time period between discharge and the instant offense had not run at the time of the commission of the present crimes”).
 

 In this case, Wallace was convicted of forgery on December 18, 1991. Less than seven years later, he was convicted of felony theft on November 10, 1998. Less than three years following the felony theft conviction, he was convicted for unauthorized use of a motor vehicle on March 19, 2001. Wallace’s most recent felony conviction for simple burglary occurred on August 25, 2008, less than eight years following his conviction for unauthorized use of a motor vehicle. It was therefore unnecessary for the state to prove the date of discharge of defendant’s prior convictions because each of defendant’s prior convictions occurred within less than 10 years of each other, and it was not possible that 10 years could have elapsed between | ¡¡release from custody and commission of the offénse at issue.
 
 See State v. Harris, supra.
 

 Accordingly, this assignment is without merit.
 

 CONCLUSION
 

 For the foregoing reasons, the defendant’s conviction and sentence are affirmed.
 

 CONVICTION AND SENTENCE AFFIRMED.