*1041 ON APPLICATION FOR REHEARING
(Court composed of Judge CHARLES R. JONES, Judge PATRICIA RIVET MURRAY, and Judge EDWIN A. LOMBARD).
CHARLES R. JONES, Judge.
1 ]The Application for Rehearing filed by the Appellant, Alphonse Moore, is granted for the limited purpose of addressing the issues raised by Moore therein. On appeal, Moore sought review of his conviction and sentence for armed robbery and being found to be a second felony offender. We affirmed his conviction and sentence. However, in his application for rehearing, Moore raises two issues: 1.) this Court erred in holding that the district court did not err in finding him a second felony offender when the instant offense occurred more than ten years after the discharge from the previous offense, and 2.) this Court erred in finding that the failure to prove the cleansing period is reviewable as an error patent on the face of the record, in contravention of our holding in State v. Bass, 99-0388 (La.App. 4 Cir. 6/14/00), 767 So.2d 772, and the decree of the Louisiana Supreme Court in State v. Bullock, 311 So.2d 242 (La.1975).
However, it was the responsibility of Moore to either file a written response to the multiple bill, or to raise this objection to the multiple bill before the district court, pursuant to La. R.S. 15:529.1(D)(l)(b), which states:
1 ^Except as otherwise provided in this Subsection, the district attorney shall have the burden of proof beyond a reasonable doubt on any issue of fact. The presumption of regularity of judgment shall be sufficient to meet the original burden of proof. If the person claims that any conviction alleged is invalid, he shall file a written response to the information. A copy of the response shall be served upon thé prosecutor. A person claiming that a conviction alleged in the information'was obtained in violation of the constitutions of Louisiana or of the United States shall set forth his claim, and the factual basis therefor, with particularity in his response to the information. The person shall have the burden of proof, by a preponderance of the evidence, on any issue of fact raised by the response. Any challenge to a previous conviction which is not made before sentence is imposed, ma^ 'not thereafter be raised to attack the sentence. [Emphasis added].
Moore does not dispute that he did not object orally or in writing to the multiple bill in the district court. However, he argues the need for consistency in our circuit, citing what he alleges are discrepancies between the opinion we rendered in this matter and our holding in Bass.
In Bass, the defendant was charged with simple burglary to which he pled not guilty. Id,., p. 1, 767 So.2d at 773. Upon his conviction, the district court held that Bass was a fourth felony offender, and. — • pursuant to State v. Dorthey, 623 So.2d 1276 (La.1993) — sentenced Bass to three years imprisonment with credit for time served. Id. The State sought supervisory writs to this Court, which we granted, vacated the sentence and remanded for resentencing, reasoning that the district court failed to state sufficient reasons for departing from the mandatory minimum sentence under the Habitual Offender Law. Id., p. 1, 767 So.2d. at 774 (citing State v. Bass, 96-0168 (La.App. 4 Cir. 4/15/96), |xunpub.). After the case was remanded, defense counsel moved for a new trial on the multiple bill, and the district court granted the motion and held that “Dorthey was no longer available to him, that he originally encouraged Bass to plead guilty to the multiple bill because he *1042 thought the State would agree to the lesser sentence, and that on further scrutiny, he saw a flaw in the multiple bill.” Id., pp. 1-2, 767 So.2d. at 774. The State subsequently filed a second multiple bill. The district court, with a new judge sitting ad hoc, reversed the court’s prior ruling on the motion for new trial, and found him to be a fourth offender. He was sentenced to twenty years at hard labor, and filed a motion to reconsider sentence, which was denied. Bass then filed a motion for appeal. Id., p. 2, 767 So.2d at 774.
We noted in Bass that the procedural history of that case was unique because Bass did not have an impetus to file a written objection to the multiple bill where: his original sentence of three years was drastically reduced from the statutory minimum; and where Bass did not plead guilty to the multiple bill, but a perfunctory hearing was held and the parties and the district court were all of the mindset that Bass would receive a substantially reduced sentence. Id., p. 12, 767 So.2d at 779. It was under these circumstances that this Court, relying on State v. Bullock, 311 So.2d 242 (La.1975), conducted an errors patent review of the multiple bill to determine if any of the predicate offenses in Bass were subject to the seven year cleansing period that was in effect at that time.
In the instant matter, however, we find that Moore was not lured into thinking that he would be receiving a reduced sentence; thus, he was not operating under the same or similar impetus as Bass in failing to object to the | ¿multiple bill. Furthermore, we note that there have been opinions from this Court rendered post-Bass which are consistent with our holding on appeal in this matter: that a defendant must object to the multiple bill to preserve review of a cleansing period having elapsed between prior convictions. See State v. Wilson, 06-1421, p. 16 (La.App. 4 Cir. 3/28/07), 956 So.2d 41, 51, writ denied sub nom. State ex rel. Wilson v. State, 07-1980 (La.8/22/08), 988 So.2d 253; State v. Lewis, 00-0053, p. 5 (La.App. 4 12/13/00), 776 So.2d 613, 617. This court has not taken the position that it is obligated to conduct an errors patent review for the elapse of possible cleansing periods for predicate offenses in multiple bills, when defendants have a statutory obligation to raise objections to the same. However, considering that we lack a complete record of the intent of defense counsel or the defendant in failing to timely object to the multiple bill, this issue is preserved and may be raised in an application for post-conviction relief.
Lastly, Moore argues that our holding in this matter is inconsistent with the holding of the Supreme Court in Bullock, and the holdings of the First, Second and Fifth Circuits in State v. Baker 452 So.2d 737 (La.App. 1 Cir. 5/30/84), State v. Harris, 20 So.3d 1121 (La.App. 2 Cir. 6/24/09), and State v. Mosley, 16 So.3d 398 (La.App. 5 Cir. 5/26/09), respectively. In Bullock, the Supreme Court reversed the multiple offender adjudication of the defendant because the certification offered to prove the existence of the predicate offense — a court martial conviction — was statutorily deficient. We note, however, that in Bullock, the opinion of the Supreme Court did not address the failure of the defendant to object to the multiple bill, and what effect, if any, the failure to ^object to a multiple bill should have on appeal.[1] Additionally, while we take the holdings of our fellow circuits into consideration, we decline to follow them in this instance. Finding that our holding in this matter is consistent with our previous opinions, we find that *1043 the issues raised in the application for rehearing of Moore do not have merit.
DECREE
For the foregoing reasons, the application for rehearing of Alphonse Moore is granted, and the opinion of this Court previously rendered is affirmed.
APPLICATION FOR REHEARING GRANTED; AFFIRMED

. The failure of the defendant to object was raised in a dissent by Justice Summers.