JjPICKETT, J.

FACTS

On or about March 18, 1994, Detective Chuck Hurst of the Allen Parish Sheriffs Department was working as a narcotics investigator. As part of an ongoing investigation, a search warrant was obtained for property belonging to Robert Lee Green located on the corner of Highway 10 and Ballard Road in Oakdale, Louisiana. Upon arrival at the building, the Defendant was seen by Officer Raydell Dill, of the Oakdale Police Department, running into the budding with a round, plastic baggie. Officer Dill saw the Defendant “hook shot” the baggie over a light fixture and onto the floor. The baggie was recovered seconds later by Sergeant Ballard and testing of the contents confirmed that the baggie contained cocaine.
The Defendant was charged by bill of information with possession of cocaine with the intent to distribute, a violation of La. R.S. 40:967(A)(1). Following a trial by judge, the court found the Defendant guilty of the lesser and included offense, possession of cocaine, on May 23, 1995. The Defendant was sentenced on June 1, 1995, to serve four years at hard labor. The Defendant was subsequently charged as a multiple offender and a hearing was held on December 14, 1995.[1] The court found the Defendant to be a multiple offender, and on January 18,1996, sentenced *500 the Defendant to serve seven years at hard labor with credit for time served.
On April 16, 1999, the Defendant filed a pro se Motion for Out-of-Time ^Appeal which was denied by the trial court on May 13, 1999. The Defendant applied to this court pro se for a writ of review on June 3, 1999; the writ was granted and the case remanded to the trial court to be treated as an application for post-conviction relief and for an evidentiary hearing to determine if he had waived his right to an appeal. State v. Melbert, an unpublished opinion bearing docket number 99-831 (La.App. 3 Cir. 10/1/99). A hearing for post-conviction relief was held on January 6, 2000, and the trial court granted the Defendant’s Motion for OuNof-Time Appeal.
The Defendant seeks review of his sentence and, in the alternative, the effectiveness of his counsel.

DISCUSSION

The defendant argues that the trial court failed to vacate the four year sentence at hard labor thereby nullifying the multiple offender adjudication and seven year sentence.
La.R.S. 15:529.1(D)(3) sets forth, in pertinent part:
When the judge finds that he has been convicted of a prior felony or felonies or adjudicated a delinquent as authorized in Subsection A, ... [the court] shall vacate the previous sentence if already imposed, deducting from the new sentence the time actually served under the sentence so vacated ...
This court has addressed the issue of failure to vacate a prior sentence, but not in a habitual offender proceeding. State v. Walton, 98-1433 (La.App. 3 Cir. 3/24/99); 738 So.2d 36, unit denied, 99-1195 (La.10/1/99); 748 So.2d 434. In Walton, the defendant agreed to a sentence of twenty-five years on three counts involving three separate offenses, all to run concurrently with all but fifteen years to be suspended. However, the sentence pronounced by the court did not state a separate sentence for each count, and thus was found to be indeterminate. The court noted that | ¡¡the defendant had been previously sentenced and that when the trial court imposed the subsequent indeterminate sentence, the trial court failed to vacate the earlier sentence. This court held that the second sentence was null and void, leaving the original sentence in effect.
The Fourth and Fifth Circuits have consistently held that when the defendant’s original sentence on the underlying offense was not vacated at the time the defendant is sentenced as a habitual offender, the defendant’s sentence under the multiple bill must be vacated. If it is not vacated, the subsequent sentence as a habitual offender is null and void. State v. Anderson, 99-1407 (La.App. 4 Cir. 1/26/00); 753 So.2d 321; State v. Jackson, 95-423 (La.App. 5 Cir. 11/15/95); 665 So.2d 467.
In the case sub judice, the transcript of the defendant’s sentencing after the trial court found him to be a habitual offender does not reflect that the defendant’s original sentence of four years at hard labor was vacated prior to his sentencing as a habitual offender. The trial court erred in failing to vacate the original sentence. Defendant’s subsequent sentence as a habitual offender is null and void.
It is not necessary to discuss the merits of the defendant’s second assignment of error, as this court’s determination of the first assignment of error renders it moot.
The defendant’s sentence under the multiple bill is vacated and the matter is remanded to the trial court for resentencing.
SENTENCE VACATED AND REMANDED WITH INSTRUCTIONS.

. A copy of the multiple offender bill is not in the record to ascertain the degree of the charge. A review of the transcript of the multiple offender bill hearing reflects that the State offered one prior offense, indicating that the Defendant is a second felony offender. During the hearing, the court never acknowledged for the record that the Defendant was being charged as a second felony offender.