United States Court of Appeals
Fifth Circuit

**F I L E D**

**October 21, 2004**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 04-50143
Conference Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JAMES STEPHEN JONES,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Western District of Texas
USDC No. W-91-CR-55-1
--------------------

Before JOLLY, JONES, and WIENER, Circuit Judges.

PER CURIAM:[*]

James Stephen Jones, federal prisoner # 56081-080, appeals the district court's denial of his motion to reduce sentence pursuant to 18 U.S.C. § 3582(c)(2) in which he sought to challenge his sentence following his guilty plea to attempted manufacture of between 100 and 1000 grams of methamphetamine. For the first time on appeal, Jones argues that the Government failed to disclose laboratory reports in violation of Brady v. Maryland, 373 U.S. 83 (1963), and that he is actually innocent of

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

the amount of methamphetamine attributed to him.  Jones may not raise these issues, which are not purely legal, for the first time on appeal.  See Diaz v. Collins, 114 F.3d 69, 71 (5th Cir. 1997).

Jones argues that the district court erred in finding that the drug-quantity calculation was based on the capacity of the laboratory.  A review of the record establishes that no inadmissible waste water, byproduct, or precursor chemicals were considered by the court in its drug-quantity calculation.  See United States v. Allison, 63 F.3d 350, 353 (5th Cir. 1995); United States v. Manthei, 913 F.2d 1130 (5th Cir. 1990).  Accordingly, the district court did not abuse its discretion by refusing to apply Amendment 484 to the Sentencing Guidelines to Jones's sentence.  See United States v. Shaw, 30 F.3d 26, 28 (5th Cir. 1994).

Jones's alternative arguments that the theoretical drug quantity in the presentence report was unreliable and that the sentencing judge failed to make factual findings are not cognizable in a 18 U.S.C. § 3582 motion because they are not based upon a retroactive amendment to the guidelines.  See United States v. Shaw, 30 F.3d 26, 29 (5th Cir. 1994).

In a FED. R. APP. P. 28(j) letter, Jones argues that his sentence is invalid in light of Blakely v. Washington, 124 S. Ct. 2531 (2004).  This argument is likewise not cognizable in a 18 U.S.C. § 3582 motion as it is not based upon a retroactive amendment to the guidelines.  See Shaw, 30 F.3d at 29.

Jones also argues that the Government's failure to file a brief is a "new development" and requires that his allegations on appeal be accepted as true. The Government's decision not to file a brief is not a "new development" of any import.

AFFIRMED.