STEPHEN J. WINDHORST, J.
| ¡¡Defendant, Kevin Wise, was convicted of attempted simple robbery in violation of La. R.S. 14:27/65, and was sentenced to imprisonment at hard labor for a term of three and a half years.[1] After an habitual offender hearing, defendant was adjudicated a fourth felony offender under La. R.S. 15:529.1, and was sentenced to life in prison without benefit of parole, probation, or suspension of sentence. After the denial of his Motion for Reconsideration of Sentence and his pro se motion to quash, defendant appealed from his conviction and sentence.
FACTS
During the afternoon hours of December 22, 2011, defendant entered the Burger King on Lapalco Blvd. in Harvey, Louisiana. Sharlene Jones, a store manager, was getting change out of the safe for a customer when defendant reached over the counter and told her to give him the change drawer. Defendant and Ms. Jones struggled over the cash drawer and defendant stated that he had a gun. Defendant jumped over the counter and the cash drawer fell on the floor, scattering the money it contained. Defendant picked up some of the money. He then attempted to escape through the front door, but discovered that Ms. Jones had locked it. Next he attempted to escape through the “drive-thru” window.
IsDuring this time a second manager, Nyishia Randall, exited from the back office and saw defendant in the kitchen, by the safe, “scrambling for money,” and then trying to crawl out of the “drive-thru” window.
While defendant was trying to escape, Lt. Dax Russo arrived on the scene. He was let into the store and was told that defendant was trying to exit the “drive-thru” window, however only defendant’s head and torso were through the window. After much resistance, Lt. Russo was able to apprehend defendant before defendant was able to completely exit the window. Lt. Russo discovered that, despite his assertions to the contrary, defendant was unarmed.
Defendant testified on his own behalf at trial. He stated that when he entered the Burger King he ordered and paid for his food. While waiting for his order, defendant testified that he “blacked out.” Defendant stated that he did not remember struggling with Ms. Jones over a cash *1224 drawer, nor did he remember struggling with Lieutenant Russo or attempting to exit the restaurant through the drive-thru window. Defendant further claimed that when he finally regained consciousness, he did not have any money in his pockets. After defendant provided a statement to the police at the police station, an ambulance transported him to University Hospital. Defendant testified that he has prior convictions for unauthorized use of a movable, issuing worthless checks, aggravated battery, theft, attempted simple robbery, and first degree robbery.
DISCUSSION
In his two counseled assignments of error, defendant alleges that the trial court erred in denying his motion for reconsideration of sentence and that his sentence is constitutionally excessive. However, there are errors patent which preclude discussion of these issues.
|4We have reviewed the record for errors patent according to the mandates of La.C.Cr.P. art. 920; State v. Oliveaux, 312 So.2d 337 (La.1975) and State v. Weiland, 556 So.2d 175 (La.App. 5 Cir. 1990), and find the following which merits attention. In this case, neither the transcript nor the commitment indicates that the trial court vacated defendant’s original sentence prior to imposing his enhanced sentence. When the original sentence on the underlying offense has not been vacated by the court at the time of defendant’s sentencing as a habitual offender, the original sentence remains in effect and the subsequent sentence as a habitual offender is null and void. State v. Netter, 11-202 (La.App. 5 Cir. 11/29/11), 79 So.3d 478, writ denied, 12-0032 (La.8/22/12), 97 So.3d 357. Accordingly, we must vacate defendant’s habitual offender sentence and remand the matter to the trial court for resentencing. The trial court is instructed to vacate defendant’s original sentence before imposing the habitual offender sentence.
In his first pro se assignment of error, defendant alleges that the trial court erred in granting the State’s motion in limine to exclude evidence of mental disease denied him the right to present a defense. He further alleges that during the trial, the trial court improperly prevented him from presenting his defense when it refused to allow him to testify regarding the diabetic attack he suffered at the time the instant offense was committed.
Both the Sixth Amendment of the United States Constitution and Article I, Section 16 of the Louisiana Constitution guarantee a criminal defendant the right to present a defense. State v. Lirette, 11-1167 (La.App. 5 Cir. 6/28/12), 102 So.3d 801, 813, writ denied, 12-1694 (La.2/22/13), 108 So.3d 763. However, this right does not require a trial court to permit the introduction of evidence that is inadmissible, irrelevant, or has so little probative value that it is substantially outweighed by other legitimate considerations in the administration of justice. Id. LThe trial court is accorded great discretion in evi-dentiary rulings and, absent a clear abuse of that discretion, rulings on admissibility of evidence will not be disturbed on appeal. State v. Magee, 11-0574 (La.9/28/12), 103 So.3d 285, 321.
“Not guilty and not guilty by reason of insanity” is one of four possible pleas to the indictment at the arraignment. La.C.Cr.P. art. 552. The defendant may withdraw a plea of “not guilty” and enter a plea of “not guilty and not guilty by reason of insanity,” within ten days after arraignment. La.C.Cr.P. art. 561. Thereafter, the court may, for good cause shown, allow such a change of plea at any time before the commencement of the trial. Id. A *1225 legal presumption exists that a defendant is sane and responsible for his actions at the time of an offense. La. R.S. 15:432. To rebut that presumption and avoid criminal responsibility, the defendant has the burden of proving the affirmative defense of insanity by a preponderance of the evidence. La.C.Cr.P. art. 652; State v. Silman, 95-154 (La.11/27/95), 663 So.2d 27, 32. However, when a defendant is tried upon a plea of “not guilty,” evidence of insanity or mental defect at the time of the offense shall not be admissible. La. C.Cr.P. art. 651; State v. Necaise, 466 So.2d 660, 664 (La.App. 5 Cir.1985).
Louisiana does not recognize the defense of diminished capacity. A mental disease or defect short of insanity cannot serve to negate an element of the crime. State v. Stewart, 93-0708 (La.App. 1 Cir. 3/11/94), 633 So.2d 925, 934, writ denied, 94-0860 (La.9/16/94), 642 So.2d 189. For that reason, such evidence is not relevant to the issue of a defendant’s guilt or innocence. State v. Carter, 97-2902 (La.App. 4 Cir. 5/10/00), 762 So.2d 662, 675, writ denied, 00-1598 (La.6/15/01), 793 So.2d 1233, cert. denied, 534 U.S. 1116, 122 S.Ct. 926, 151 L.Ed.2d 889 (2002). Moreover, evidence of a mental disease or defect affecting a defendant at the time of an offense is inadmissible, whether it is an organically | F,caused mental condition, or a psychologically or emotionally induced mental condition. State v. Anseman, 607 So.2d 665, 670 (La.App. 5 Cir.1992), writ denied, 613 So.2d 989, 990 (La.1993).
Although defendant argues that there is a distinction between physical and mental defects, under the circumstances of this case, defendant’s contention is misplaced. The physical impairment about which defendant contends he should have been allowed to testify concerned a diabetic episode which he claimed caused him to “black-out” immediately prior to the commission of the crime, resulting in his inability to recall his actions which led to his arrest. Instances of a mental defect, for purposes of La.C.Cr.P. art. 651, “include a defendant’s denial of recall of the events of a crime, [and] evidence of a prior mental condition to explain his lack of recall is inadmissible, even if only offered to corroborate [the] defendant’s explanation of why he cannot testify about the event surrounding the crime.” State v. Pitre, 04-0545 (La.App. 1 Cir. 12/17/04), 901 So.2d 428, writ denied, 05-0397 (La.5/13/05), 902 So.2d 1018 (citing State v. Dixon, 95-0269, p. 3 (La.App. 4 Cir. 1/19/96), 668 So.2d 388, writ denied, 96-0332 (La.5/17/96), 673 So.2d 608, cert. denied, 519 U.S. 983, 117 S.Ct. 438, 136 L.Ed.2d 335 (1996).)
Defendant’s claimed “physical impairment” appears to have been offered in an attempt to show that defendant’s mental condition at the time of the offense may have affected his mental functions, and thus, his intent to commit the crime. Accordingly, in the absence of a plea of “not guilty and not guilty by reason of insanity,” defendant was barred from presenting any evidence to support a defense of amnesia, diminished capacity, or evidence of another physical disease which may have affected his mental state in an attempt to act as a complete defense to the charge or to mitigate his culpability. La.C.Cr.P. art. 651; State v. Williams, 11-127 (La.App. 5 Cir. 2/28/12), 88 So.3d 1102; State v. McCray, 39,883 (La.App. 2 Cir, 6/29/05), 908 So.2d 68, 72, writ denied, 05-2015 (La.2/17/06), 924 So.2d 1015. Defendant’s first pro se assignment of error is without merit.
In his second pro se assignment of error, defendant argues the trial court erred in denying his Motion to Quash Mul-ti-Bill in which he alleged that prosecutions for two of the alleged predicate offenses were not instituted in a timely *1226 manner. Specifically, defendant contends that the State exceeded the time limitation for screening and accepting the charges in predicate case numbers 288-157 and 358-790, now used by the State to charge defendant as a fourth felony offender. Thus,, defendant maintains that these predicate offenses should have been quashed.
A defendant has the right to challenge the constitutional sufficiency of previous convictions through a written response to the State’s filing of a habitual offender bill of information. See La. R.S. 15:529.1(D)(1). A defendant must make such a response in order to preserve challenges to previous convictions for appellate review. Id.; State v. Harris, 44,402 (La.App. 2 Cir. 6/24/09), 20 So.3d 1121, writ denied, 09-2303 (La.4/23/10), 34 So.3d 271. In addition, if a defendant does not concede the validity of previous convictions, he is entitled to a formal hearing. La. R.S. 15:529.1D(l)(b). A defendant’s response to the State’s filing of a habitual offender bill of information is often styled as a “motion to quash.” See, e.g. State v. Zachary, 08-634 (La.11/21/08), 995 So.2d 631. Pursuant to La. R.S. 15:529.1D(l)(a), a defendant is required to file particular objections to the bill within .15 days after the defendant denies the allegation of the information, refuses to answer, or remains silent.
Here, defendant did not file his pro se motion to quash until a month after the habitual offender hearing and his adjudication as a fourth felony offender, and therefore the trial court did not err in denying defendant’s motion to quash as |suntimely. See Harris, supra. Defendant’s second pro se assignment of error is without merit.
In his third pro se assignment of error, defendant contends that the State failed to prove that less than ten years had elapsed between the predicate offenses used to charge him as a habitual offender and the commission of the instant offense. Specifically, he argues that the documents presented by the State at the habitual offender hearing failed to prove the dates he was discharged from custody or the predicate offenses. Defendant concludes that without proof of the actual date of discharge from state supervision, the evidence is insufficient to support his habitual offender adjudication.
Although defendant filed a written response to the habitual offender bill of information, he did not raise this objection in the response or during the habitual offender hearing. Ordinarily, the issue would not be properly preserved for appellate review. See La. R.S. 15:529.1D(l)(b) (“Any challenge to a previous conviction which is not made before sentence is imposed may not thereafter be raised to attack the sentence.”). However, since the sufficiency of proof of the “cleansing period” bears on the defendant’s due process rights, we will review this issue on appeal. State v. Boiteux, 11-191 (La.App. 5 Cir. 12/13/11), 81 So.3d 123; State v. Mosley, 08-1319 (La.App. 5 Cir. 5/26/09), 16 So.3d 398, 403.
The provisions of the Habitual Offender Law are inapplicable where more than ten years have elapsed between the date of the commission of the current offense and the expiration of the maximum sentence of the previous conviction. La. R.S. 15:529.1C. The State bears the burden of proving that the predicate convictions fall within the “cleansing period” prescribed by La. R.S. 15:529.1C. State v. Hollins, 99-278 (La.App. 5 Cir. 8/31/99), 742 So.2d 671, 685, writ denied, 99-2853 (La.1/5/01), 778 So.2d 587. This ten-year “cleansing period” begins to l3run from the date that a defendant is actually dis *1227 charged from state custody and supervision. State v. Thomas, 04-1341 (La.App. 5 Cir. 5/31/05), 904 So.2d 896, 906, writ denied, 05-2002 (La.2/17/06), 924 So.2d 1013. Thus, the commencement of the “cleansing period” is from the date of discharge from state supervision because the discharge can take place earlier than the theoretical date on which the sentence would have terminated due to pardon, commutation or good time credit, or it could take place later because of parole revocation. State v. Humphrey, 96-838 (La.App. 5 Cir. 4/29/97), 694 So.2d 1082, 1088, writ denied, 97-1461 (La.11/7/97), 703 So.2d 35. However, if less than ten years has elapsed between a defendant’s conviction on a predicate felony and his commission of a subsequent predicate felony, the State need not prove the date of discharge on the earlier sentence in the habitual offender proceedings. State v. Brooks, 01-864 (La.App. 5 Cir. 1/29/02), 807 So.2d 1090, 1101 (citations omitted).
The certified records in this case show that on July 20, 1982, in case number 288-157, Criminal District Court for the Parish of Orleans, defendant pled guilty to attempted simple robbery and was sentenced on the same day to serve two years in Parish Prison, suspended, and two years of active probation. On August 5, 1991, the Jefferson Parish District Attorney filed a bill of information charging defendant with first degree robbery alleged to have occurred on January 22, 1991. Defendant was found guilty of first degree robbery on May 6, 1992, in case number 91-3676, 24th Judicial District Court, and sentenced on June 26, 1992, to 30 years at hard labor without benefit of probation, parole, or suspension of sentence. The certified records further show that on May 18,1992, in case number 358-790, Criminal District Court for the Parish of Orleans, defendant was charged with aggravated battery upon a police officer, and was found guilty on November 18, 1992. Defendant was sentenced on November 25, 1992, to serve ten years in the | inDepartment of Corrections. On December 22, 2011, defendant committed the instant offense.
More than 10 years had elapsed between defendant’s predicate conviction in case number 358-790 on November 18, 1992, and the commission of the instant offense on December 22, 2011. Thus, the State was required to prove that the underlying offense was committed within ten years of defendant’s release from state custody for the predicate conviction in case number 358-790 of the Criminal District Court for the Parish of Orleans.
At the habitual offender hearing, the State produced certified copies of the bill of information in case number 358-790 and a minute entry detailing the date of defendant’s conviction. The minute entry further details that defendant was sentenced to 10 years imprisonment in the custody of the Department of Corrections on November 25, 1992. The State also introduced a certified copy of a letter styled “Diminution of Sentence,” from the Department of Public Safety and Corrections, indicating that defendant was eligible to be released by diminution of sentence in case number 358-790, and that defendant “shall be released in the same manner as if on parole on June 21, 2006(emphasis added). A certificate of release/completion of sentence was also included in the certified documentation, which shows June 21, 2006, as the date defendant was released from incarceration. Thus, the underlying offense in this case, committed on December 22, 2011, is clearly within the 10-year “cleansing period” prescribed by La. R.S. 15:529.1C.
Accordingly, based on the uncontrovert-ed evidence admitted at the habitual of *1228 fender proceeding, we find that the State presented sufficient evidence to meet its burden of proving that the predicate convictions fell within the ten-year “cleansing period” prescribed by La. R.S. 15:529.1C, and therefore the trial court did not err Inin finding defendant to be a fourth felony offender. Defendant’s third pro se assignment of error is without merit.
In his fourth pro se assignment of error, defendant contends that the State failed to comply with certain statutory discovery rules as required under Brady v. Maryland.[2], Specifically, defendant argues that he recently became aware that State witness Nyishia Randall had a warrant issued for her arrest at the time of trial, which was not disclosed by the State. Defendant maintains that he could have used this information as impeachment evidence during his cross-examination to attack Ms. Randall’s credibility. Defendant concludes that the failure to provide this favorable evidence prejudiced his defense.
In Brady v. Maryland, 373 U.S. at 87, 83 S.Ct. at 1196-97, the United States Supreme Court held that the suppression by the State of evidence favorable to the accused after it receives a request for such evidence violates a defendant’s due process rights where the evidence is material to either guilt or punishment, without regard to the good or bad faith of the prosecutors. See also State v. Bright, 02-2793 (La.5/25/04), 875 So.2d 37, 41-42. The duty to disclose is applicable even where there has been no request by the accused. United States v. Agurs, 427 U.S. 97, 107, 96 S.Ct. 2392, 2399, 49 L.Ed.2d 342 (1976). The State’s due process duty to disclose applies to both exculpatory and impeachment evidence. United States v. Bagley, 473 U.S. 667, 676, 105 S.Ct. 3375, 3380, 87 L.Ed.2d 481 (1985); State v. Kemp, 00-2228 (La.10/15/02), 828 So.2d 540, 545. Brady also requires the disclosure of evidence concerning a promise of leniency or immunity to a material witness in exchange for his testimony at trial. Giglio v. United States, 405 U.S. 150, 92 S.Ct. 763, 766, 31 L.Ed.2d 104 (1972).
| ^Evidence is “material” under Brady only if there is a reasonable probability that the result of the proceeding would have been different if the evidence had been disclosed to the defense. A reasonable probability is one that is sufficient to undermine confidence in the outcome. United States v. Bagley, 473 U.S. at 682, 105 S.Ct. at 3383. A reviewing court determining materiality must ascertain “not whether the defendant would more likely than not have received a different verdict with the evidence, but whether in its absence he received a fair trial, understood as a trial resulting in a verdict worthy of confidence.” Kyles v. Whitley, 514 U.S. 419, 434, 115 S.Ct. 1555, 1566, 131 L.Ed.2d 490 (1995).
Brady challenges, like the one asserted in defendant’s pro se brief, present fact-based judgments that cannot be adequately first made on appellate review. United States, v. Gonzales, 436 F.3d 560, 580 (5th Cir.2006). That is why Brady challenges must be brought to the district court’s attention, winnowed by the trial judge, and made part of the record through a motion for new trial. See United States v. Chorney, 63 F.3d 78, 80-81 (1st Cir.1995); United States v. Jones, 112 Fed.Appx. 343, 344 (5th Cir.2004). See also State v. Chesson, 03-606 (La.App. 3 Cir. 10/1/03), 856 So.2d 166, writ denied, 03-2913 (La.2/13/04), 867 So.2d 686. Because defendant did not raise this issue at the trial court level, defendant failed to preserve this issue for review.
*1229 Assuming arguendo that this assigned error was properly before this court, it is without merit.
Defendant complains that he recently became aware that State witness Nyishia Randall had a warrant out of her arrest “dated 5-7-2011 under num-ber9019696 [sic] for violation of 300 R.S. 32:68-A(21).” It appears that the violation allegedly committed by Ms. Randall pertains to a speeding infraction. There is no evidence in the record that such an arrest warrant existed. Secondly, if | istrue, the evidence of Ms. Randall’s warrant for a traffic violation does not appear to be exculpatory [3] or possess impeachment value. Even if the subject information was known by the State and not provided, the evidence at issue is not “material” under Brady in that confidence in the outcome would not be undermined in its absence, nor the outcome of the trial any different had the evidence been timely disclosed to the defense. Defendant’s fourth pro se assignment of error is without merit.
In his fifth pro se assignment of error, defendant contends that his counsel was ineffective in: 1) failing to investigate, interview and subpoena witnesses, and obtain available documentary evidence; 2) failing to enter a plea of “not guilty and not guilty by reason of insanity;” 3) failing to understand the insanity plea and his advice to defendant that he would be able to present evidence supporting his defense without pleading insanity; 4) failing to present-a defense; and 5) his decision to stipulate to Kim Syierwalb’s testimony concerning the lack of fingerprints or DNA taken in the investigation of the crime.
A criminal defendant is entitled to effective assistance of counsel under the Sixth Amendment to the United States Constitution and Article I, § 13 of the Louisiana Constitution. To prove ineffective assistance of counsel, a defendant must show both that: 1) his attorney’s performance was deficient; and 2) the deficiency prejudiced him. Strickland v. Washington, 466 U.S. 668, 687, 104 S.Ct. 2052, 2064, 80 L.Ed.2d 674 (1984); State v. Soler, 93-1042 (La.App. 5 Cir. 4/26/94), 636 So.2d 1069, 1075, writs denied, 94-0475 (La.4/4/94), 637 So.2d 450 and 94-1361 (La.11/4/94), 644 So.2d 1055. An error is considered prejudicial if it was so serious as to deprive the defendant of a fair trial, or “a trial whose result is 114reliable.” Strickland v. Washington, 466 U.S. at 687, 104 S.Ct. at 2064; State v. Serio, 94-131 (La.App. 5 Cir. 6/30/94), 641 So.2d 604, 607, writ denied, 94-2025 (La.12/16/94), 648 So.2d 388. To prove prejudice, the defendant must demonstrate that, but for counsel’s unprofessional conduct, the outcome of the trial would have been different. Strickland v. Washington, 466 U.S. at 694, 104 S.Ct. at 2068.
The Louisiana Supreme Court has held that generally a claim of ineffective assistance of counsel is most appropriately addressed through Application for Post-Conviction Relief rather than direct appeal, to afford the parties an opportunity to make an adequate record for review. State v. Truitt, 500 So.2d 355 (La.1987). However, if the appeal record contains sufficient evidence to decide the issue, and the issue is properly raised by assignment of error on appeal, it may be addressed in the interest of judicial economy. State v. Fairley, 02-168 (La.App. 5 Cir. 6/26/02), 822 So.2d 812, *1230 816, writs denied, 03-1427 (La.4/23/04), 870 So.2d 290 and 08-2581 (La.1/30/09), 999 So.2d 755.
In this case, the appellate record is insufficient to consider all of defendant’s allegations of ineffective assistance of counsel. Decisions relating to investigation, preparation, and strategy require an evidentiary hearing and cannot possibly be decided on appeal. State v. Martin, 607 So.2d 775, 788 (La.App. 1 Cir.1992). See also State v. Watts, 98-1073 (La.App. 5 Cir. 5/19/99), 735 So.2d 866; State v. Holt, 08-1276 (La.App. 5 Cir. 5/26/09), 12 So.3d 502, writ denied, 09-1681 (La.3/26/10), 29 So.3d 1249. An alleged error that is within the ambit of trial strategy does not establish ineffective assistance of counsel because “opinions may differ on the advisability of such a tactic.” State v. Singleton, 05-634 (La.App. 5 Cir. 2/14/06), 923 So.2d 803, 811, writ denied, 06-1208 (La.11/17/06), 942 So.2d 532. Only in an evidentiary hearing in the district court, where the defendant could |15present evidence beyond that contained in the instant record, could these allegations be sufficiently investigated.[4] Accordingly, we decline to address this assignment of error.
For the above discussed reasons, defendant’s conviction is affirmed. His enhanced sentence as a habitual offender is vacated and this matter is remanded for resentencing.
CONVICTION AFFIRMED, HABITUAL OFFENDER SENTENCE VACATED, REMANDED FOR RESENTENC-ING.

. Defendant was also charged in case number 12-633 with battery of a police officer and resisting arrest. As to these misdemeanor crimes, the trial court found defendant guilty as charged and sentenced defendant to six months in Parish Prison on each count. The trial court further ordered the misdemeanor sentences to run concurrently with each other and concurrently with the sentence imposed in the instant matter.

. Brady v. Maryland, 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963).

. Exculpatory evidence by definition is that “which tends to justify, excuse or clear the defendant from alleged fault or guilt.” State v. Lande, 06-24 (La.App. 5 Cir. 6/28/06), 934 So.2d 280, 296, writ denied, 06-1894 (La.4/20/07), 954 So.2d 154 (citing Black’s Law Dictionary, Sixth Edition).

. The defendant would have to satisfy the requirements of La.C.Cr.P. art. 924 et seq. in order to receive such a hearing.