NOT DESIGNATED FOR PUBLICATION

STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

15-988


STATE OF LOUISIANA

VERSUS

TRAVIS JOSEPH RENO


\*\*\*\*\*\*\*\*\*\*


APPEAL FROM THE
SIXTEENTH JUDICIAL DISTRICT COURT
PARISH OF IBERIA, NO. 13-1348
HONORABLE ANTHONY THIBODEAUX, DISTRICT JUDGE


\*\*\*\*\*\*\*\*\*\*


JOHN D. SAUNDERS
JUDGE


\*\*\*\*\*\*\*\*\*\*


Court composed of Sylvia R. Cooks, John D. Saunders, and Phyllis M. Keaty, Judges.


SENTENCE VACATED. REMANDED FOR
RESENTENCING WITH INSTRUCTIONS.


Cooks, J., concurs and assigns written reasons.

**Hon. M. Bofill Duhe**
**District Attorney**
**Angela B. Odinet**
**16th JDC, Assistant District Attorney**
**415 Main Street**
**St. Martinville, LA 70582**
**(337) 394-2220**
**COUNSEL FOR PLAINTIFF/APPELLANT:**
     **State of Louisiana**

**Edward K. Bauman**
**La. Appellate Project**
**P. O. Box 1641**
**Lake Charles, LA 70602-1641**
**(337) 491-0570**
**COUNSEL FOR DEFENDANT/APPELLEE:**
     **Travis Joseph Reno**

**SAUNDERS, Judge.**

Defendant, Travis Joseph Reno, was convicted of possession of cocaine, a violation of La.R.S. 40:967. On March 25, 2015, the trial court sentenced Defendant to serve five years at hard labor and to pay a fine in the amount of $2,000.00. The State filed a habitual offender bill. On June 19, 2015, Defendant was adjudicated a fourth felony offender and sentenced to serve five years at hard labor without the benefit of probation and parole.

The State is before this court challenging the imposition of an illegally lenient sentence.

## FACTS:

Defendant possessed cocaine.

## ERRORS PATENT:

In accordance with La.Code Crim.P. art. 920, all appeals are reviewed by this court for errors patent on the face of the record. After reviewing the record, we find that there are several errors patent.

The trial court failed to vacate the original sentence before imposing the habitual offender sentence. Louisiana Revised Statutes 15:529.1(D)(3) provides:

> When the judge finds that he has been convicted of a prior felony or felonies, or if he acknowledges or confesses in open court, after being duly cautioned as to his rights, that he has been so convicted, the court shall sentence him to the punishment prescribed in this Section, and shall vacate the previous sentence if already imposed, deducting from the new sentence the time actually served under the sentence so vacated. The court shall provide written reasons for its determination. Either party may seek review of an adverse ruling.

Although there is jurisprudence that deals with this issue in differing manners, we order the trial court to vacate the habitual offender sentence and remand the case for resentencing. This is based on the finding that the failure to vacate the original sentence renders the subsequent sentence null and void, leaving

the original sentence in effect. *See State v. Melbert*, 00-527 (La.App. 3 Cir. 11/2/00), 776 So.2d 499 and *State v. Brack*, 99-1103 (La.App. 3 Cir. 3/1/00), 758 So.2d 310, *overruled on other grounds by State v. Stevens*, 06-818 (La.App. 3 Cir. 1/31/07), 949 So.2d 597 (this court in *Brack* noted that there are situations where it would be permissible to allow the original sentence to remain in effect without resentencing, such as where the defendant is subsequently sentenced to the same number of years as sentenced to originally). This remedy was utilized by the fifth circuit in *State v. Wise,* 13-247 (La.App. 5 Cir. 11/19/13), 128 So.3d 1220, *writ denied*, 14-253 (La. 9/12/14), 147 So.3d 703. In *Wise*, on error patent review, the fifth circuit held in pertinent part:

> In this case, neither the transcript nor the commitment indicates that the trial court vacated defendant's original sentence prior to imposing his enhanced sentence. When the original sentence on the underlying offense has not been vacated by the court at the time of defendant's sentencing as a habitual offender, the original sentence remains in effect and the subsequent sentence as a habitual offender is null and void. *State v. Netter*, 11-202 (La.App. 5 Cir. 11/29/11), 79 So.3d 478, *writ denied*, 12-0032 (La.8/22/12), 97 So.3d 357. Accordingly, we must vacate defendant's habitual offender sentence and remand the matter to the trial court for resentencing. The trial court is instructed to vacate defendant's original sentence before imposing the habitual offender sentence.

*Id.*, at 1224. *See also*, S*tate v. Young,* 05-702 (La.App. 5 Cir. 2/14/06), 938 So.2d 90.

Accordingly, we vacate the habitual offender sentence and remand the matter for resentencing.

**ASSIGNMENT OF ERROR:**

The State argues that as a fourth felony offender, Defendant's statutory applicable sentencing range was twenty years to life imprisonment. The State complains the trial court erred in deviating below the minimum sentencing

2

requirement.  We vacated Defendant's habitual offender sentence above; thus, this assignment of error is pretermitted.

**<u>DECREE</u>:**

Defendant's habitual offender sentence is vacated and this matter is remanded to the trial court for resentencing consistent with this opinion.

**SENTENCE VACATED.   REMANDED FOR RESENTENCING WITH INSTRUCTIONS.**

**STATE OF LOUISIANA**

**COURT OF APPEAL THIRD CIRCUIT**

**15-988**

**STATE OF LOUISIANA**

**VERSUS**

**TRAVIS JOSEPH RENO**

**Cooks J., concurs.**

I write separately to say that the trial judge is not barred from imposing a lesser sentence than the mandatory minimum on finding it is constitutionally excessive under the special circumstances presented in this case on remand. There is a recognition in this country today that society's best interests are not served by imposing unnecessarily cruel and excessive sentences, filling our prisons with drug users who are often victims struggling with addiction.