WINDHORST, J.
*1056 In this criminal appeal, defendant, Henri Lyles, appeals his sentence to life imprisonment without the benefit of parole, probation, or suspension of sentence as a third felony offender with the third underlying conviction for aggravated battery. Without considering the merits of the assignment of error contending that the habitual offender sentence was excessive, we vacate defendant's sentence and remand for resentencing for the following reasons.
After a jury trial on November 15-16, 2016, defendant was convicted of aggravated battery in violation of La. R.S. 14:34. On November 18, 2016, the State filed an habitual offender bill of information against defendant, alleging that he was a third felony offender with a 1990 predicate conviction of distribution of cocaine and a 2004 predicate conviction of manslaughter. The hearing on defendant's habitual offender bill was held on February 13, 2017. During the course of this hearing, the trial court sentenced defendant for the aggravated battery conviction to eight (8) years imprisonment with the Department of Corrections and imposed a $1,000 fine. After an evidentiary hearing on the habitual offender bill, the trial court found defendant to be a third felony offender and sentenced him to life imprisonment without the benefit of parole, probation or suspension of sentence in accordance with La. R.S. 15:529.1(A)(3)(b). Defendant filed a motion to reconsider his sentence, which the trial court denied. This appeal followed.
FACTS
Defendant and Imani Wilson met in 1992 and were involved in a relationship off and on for several years. In 2014, Ms. Wilson agreed to allow defendant to stay with her for a limited period of time. In January 2015, Ms. Wilson asked defendant to leave and offered to help him find work and a new residence. On February 1, 2015, defendant, Ms. Wilson, and her two (2) children from another relationship were at Ms. Wilson's home, and defendant informed Ms. Wilson that he would move out that week. That same day, while Ms. Wilson was in the kitchen cooking, defendant began staring at her and continued to do so for an extended period. Eventually, Ms. Wilson asked defendant why he was staring at her, and he did not respond. Because defendant continued to stare at her, she became nervous and warned her children who were home that they should call 9-1-1 if they heard anything.
After some time had passed, defendant began to approach Ms. Wilson and grabbed her by the throat with his left hand while simultaneously reaching for a knife with his other hand. Ms. Wilson pried defendant's fingers from her throat and ran from him. She fell and defendant held her down and grabbed her around the throat again. Defendant attempted to stab Ms. Wilson, and she tried to block the knife. She eventually blacked out and could not remember additional details. One of Ms. Wilson's children heard the commotion and called 9-1-1. The police arrived at the house before defendant was able to get away and arrested him for aggravated battery.
DISCUSSION
Defendant assigns as error that his sentence is unconstitutionally excessive. Because there are errors patent which necessitate that we vacate defendant's sentence and remand this matter *1057 for resentencing, we do not address whether defendant's sentence is unconstitutionally excessive. State v. Netter, 11-202 c/w 203 (La. App. 5 Cir. 11/29/11), 79 So.3d 478, 483-483, writ denied, 12-0032 (La. 8/22/12), 97 So.3d 357.
We have reviewed the record for errors patent as required by La. C.Cr.P. art. 920, and find the following which requires attention. See State v. Oliveaux, 312 So.2d 337 (La. 1975) and State v. Weiland, 556 So.2d 175 (La. App. 5 Cir. 1990). In this case, the record indicates that the trial court did not vacate defendant's original sentence for aggravated battery prior to imposing his enhanced sentence as an habitual offender. When a defendant's original sentence on an underlying offense has not been vacated by the court at the time of defendant's sentencing as an habitual offender, the original sentence remains in effect and the subsequent sentence as an habitual offender is null and void. State v. Netter, supra. Because defendant's underlying sentence for the aggravated battery conviction was not vacated, we find that defendant's habitual offender sentence is null and void. Accordingly, we vacate defendant's habitual offender sentence and remand this matter to the trial court for resentencing. The trial court is instructed to vacate defendant's sentence for aggravated battery before sentencing him as an habitual offender. State v. Wise, 13-247 (La. App. 5 Cir. 11/19/13), 128 So.3d 1220, 1224.
In light of our finding that defendant's habitual offender sentence is null and void, we cannot address defendant's assignment of error that his habitual offender sentence is excessive.
DECREE
Defendant's habitual offender sentence is vacated and the matter is remanded to the trial court for resentencing.
HABITUAL OFFENDER SENTENCE VACATED; REMANDED FOR RESENTENCING